IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT W. WALTER, | ) | Civ. No. 06-00568 SOM/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| vs. | ) | MOTION FOR MORE DEFINITE |
| | ) | STATEMENT |
| RICHARD C. DRAYSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT
===

        On March 14, 2007, Defendants Karen Temple, Attorney at Law, LLLC, formerly known as Bodden & Temple, LLLC, and Karen Temple ("the Temple Defendants") filed a motion to dismiss the Second Amended Complaint.  On March 23, 2007, Plaintiff Robert W. Walter ("Walter") filed a motion for more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Walter argues that the Temple Defendants, in their motion to dismiss, refer to an "unwarranted inference" that Walter says is "so vague and ambiguous that [he] cannot reasonably be required to frame a responsive pleading to it."  Walter asks this court to order the Temple Defendants to provide a more definite statement of their motion to dismiss.  The court denies Walter's request.

        Rule 12(e) of the Federal Rules of Civil Procedure provides:  "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive

pleading." This Rule expressly applies to "pleadings," which Rule 7(a) defines as "a complaint and answer; a reply to a counterclaim; an answer to a cross-claim; and a third party complaint and answer." Morrison v. Mahoney, 399 F.3d 1042, 1046 (9th Cir. 2005) (citing Fed. R. Civ. P. 7(a)).  It is well settled that a "motion to dismiss is not a pleading." Id.; Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 216 F.3d 764, 788 (9th Cir. 2000) ("A motion to dismiss is not a pleading." (citing Fed. R. Civ. P. 7(a))). Thus, Rule 12(e) does not apply to motions to dismiss. See Boyajian v. United States, 825 F. Supp. 714, 716 n.2 (E.D. Penn. 1993) ("there is no provision under the Federal Rules of Civil Procedure for a 'motion for a more definite statement of a motion to dismiss'"); see also Arrasmith v. Conway, No. CV 04-420-S-EJL, 2006 WL 2556579, at *3 (D. Idaho Sept. 1, 2006) ("Rule 12(e) does not apply because Respondent's Motion is not a 'pleading' under Rule 7(a)."); Swartz v. Clinton, No. Civ. A. 97-3080 (RWR), 1998 WL 690831, at *2 (D.D.C. Sept. 26, 1998) ("A motion for a more definite statement can be filed regarding only pleadings, pursuant to Fed. R. Civ. P. 12(e). A motion to dismiss is not a pleading under Fed. R. Civ. P. 7(a)."); United States v. 17600 N.E. Olds Lane, Newbert, Yamhill County, State & Dist. of Or., No. 96-1549-FR, 1998 WL 173200, at *1 (D. Or. April 8, 1998) ("Rule 12(e) is used to obtain more definite statements in a pleading. It does not apply to motions, however."). The court

2

therefore denies Walter's motion for a more definite statement of the Temple Defendants' motion to dismiss.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 27, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**Walter v. Drayson, et al., Civ. No. 06-00568 SOM/KSC; ORDER DENYING PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT.**