IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT W. WALTER, | Civ. No. 06-00568 SOM/KSC |
| Plaintiff, | |
| vs. | ORDER MODIFYING THE RULE 16 SCHEDULING ORDER |
| RICHARD C. DRAYSON, et al., | |
| Defendants. | |

ORDER MODIFYING THE RULE 16 SCHEDULING ORDER

On March 22, 2007, Plaintiff Robert W. Walter ("Walter") appealed Magistrate Judge Kevin S.C. Chang's Rule 16 Scheduling Order ("Order"),[1] which stays discovery "pending Judge Mollway's ruling on the Motion[s] to Dismiss Second Amended Complaint." Walter asserts among other things that the discovery stay "prevents [him] from gaining access to information that is essential to his preparing and submitting responses to the motions to dismiss," which he says "attack[] underlying jurisdictional facts under Rule 12(b)(1)." Walter asks this court to lift the the stay and to "permit limited discovery by all parties in the form of document production in response to previously or contemporaneously served requests for production."

---

[1] On March 22, 2007, the Rule 16 scheduling conference took place, and the magistrate judge filed his Minutes regarding the conference. That same day, Walter filed his appeal, although the Order was not filed until the next day, March 23, 2007. Because the Order and the Minutes contain substantively identical language regarding the discovery stay, the court construes Walter's appeal as an appeal from the Order, not from the Minutes.

Pending before the court are three motions to dismiss Walter's Second Amended Complaint, which are brought under Rules 12(b)(1) and/or 12(b)(6). A motion to dismiss under Rule 12(b)(1) may either attack the allegations of the complaint as insufficient to confer subject matter jurisdiction on the court, or attack the existence of subject matter jurisdiction in fact. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). When the motion to dismiss is a factual attack on subject matter jurisdiction, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. Id. When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, however, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). Similarly, when a motion to dismiss is brought under Rule 12(b)(6), the court must accept as true all allegations of material fact in the complaint and must construe these facts in the light most favorable to the plaintiff. See Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1306 (9th Cir. 1992).

In addressing any factual attack on this court's subject matter jurisdiction that is raised in any pending motion to dismiss, the court will attach no presumptive truthfulness to Walter's allegations.  See Thornhill Publ'g Co., 594 F.2d at 733.  Thus, to allow Walter to meaningfully oppose any such factual attack, the court lifts the discovery stay on requests for production of documents:  (1) that relate to factual attacks on this court's subject matter jurisdiction raised in the pending motions to dismiss; and (2) that were served before March 22, 2007, the date Walter appealed the Order.  However, this order in no way restricts the parties from making timely and appropriate objections to requests for production of documents or from withholding documents based on valid objections.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 28, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**Walter v. Drayson, et al.**, Civ. No. 06-00568 SOM/KSC; ORDER MODIFYING THE RULE 16 SCHEDULING ORDER.