IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT W. WALTER, | ) CIVIL NO. 06-00568 SOM-KSC |
| | ) |
| Plaintiff, | ) REPORT OF THE SPECIAL |
| | ) MASTER REGARDING DEFENDANT |
| vs. | ) DRAYSON'S BILL OF COSTS |
| | ) |
| RICHARD C. DRAYSON, | ) |
| Individually, ELIZABETH | ) |
| WALTER, Individually, KAREN | ) |
| TEMPLE, ATTORNEY AT LAW | ) |
| LLLC, DOING BUSINESS AS | ) |
| BODDEN & TEMPLE, BODDEN & | ) |
| TEMPLE, LLLC, and KAREN M. | ) |
| TEMPLE a/k/a KAREN M. GRANT | ) |
| TEMPLE a/k/a KAREN M. | ) |
| GRANT, Individually, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

REPORT OF THE SPECIAL MASTER REGARDING DEFENDANT
DRAYSON'S BILL OF COSTS

On July 30, 2007, Defendant Richard C. Drayson ("Defendant Drayson") filed a Bill of Costs and Memorandum in Support of Bill of Costs ("Bill of Costs"). Defendant Drayson requests that the Court tax costs in the amount of $4,792.23 against Plaintiff

Robert W. Walter ("Plaintiff").  On August 6, 2007, Plaintiff filed a Consolidated Opposition to Individual Defendants' Memorandums Seeking Awards of Taxable Costs ("Objection").

On August 10, 2007, this matter was referred to this Court by United States District Judge Susan Oki Mollway pursuant to Local Rule 53.1 of the Local Rules for the United States District Court for the District of Hawaii ("Local Rules").  Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.

Defendant Drayson seeks a total of $4,792.23 in taxable costs pursuant to 28 U.S.C. § 1920 and Hawaii law.  Specifically, Defendant Drayson seeks the following costs: (1) $207.33 for court reporter and transcript fees; (2) $4,176.28 in printing costs; and (3) $408.62 for other costs including postage, long distance telephone charges, courier delivery and messenger and facsimile charges.

In Plaintiff's Objection, he argues that pursuant to Miles v. State of California, 320 F.3d 986

(9th Cir. 2003), Defendant Drayson is not a prevailing party within the meaning of Federal Rule of Civil Procedure ("Rule") 54(d) because Judge Mollway dismissed the case for lack of subject matter jurisdiction.  Therefore, Plaintiff argues that Defendant Drayson is not entitled to recover costs.  Plaintiff does not address the specific costs sought by Defendant Drayson.

Under Rule 54(d), costs are allowed as a matter of course to the prevailing party unless the court otherwise directs.  Fed. R. Civ. P. 54(d).  In <u>Miles v. State of California</u>, 320 F.3d 986, 988 (9th Cir. 2003), the Ninth Circuit held that "costs under Rule 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction, for in that case the dismissed party is not a 'prevailing party' within the meaning of Rule 54(d)."  However, the Ninth Circuit added that "[w]here the underlying claim is dismissed for want of jurisdiction, the award of costs is governed by 28 U.S.C. § 1919.  Unlike Rule 54(d), § 1919 is permissive, allows the district court to award

'just costs,' and does not turn on which party is the 'prevailing party.'" Id. at n.2; see also 28 U.S.C. § 1919("[w]henever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs").

On July 6, 2007, Judge Mollway issued an Order Granting Defendants' Motion to Dismiss ("July 6, 2007 Order"). Judge Mollway summarized the reasons for the dismissal as follows: "(1) Walter's failure to state a federal claim, and (2) the absence of some other jurisdictional basis, such as diversity jurisdiction, that requires this court to exercise jurisdiction over this action." July 6, 2007 Order at 3. Significantly, Judge Mollway also noted that "this court recognizes that, as it had federal question jurisdiction at the outset of this action, it has discretion to exercise supplemental jurisdiction over the state law claims even after dismissing the federal RICO claims and determining that there is no diversity jurisdiction.

4

The court declines to exercise supplemental jurisdiction over the state law claims." Id. at 3-4.

Contrary to Plaintiff's assertion, and in accordance with Judge Mollway's July 6, 2007 Order, the Court finds that Plaintiff's Second Amended Complaint was not dismissed based on a lack of subject matter jurisdiction. Judge Mollway specifically noted at the outset that the Court had federal question jurisdiction to hear Plaintiff's action. After Judge Mollway dismissed Plaintiff's federal claims pursuant to Rule 12(b)(6) based on Plaintiff's failure to state a claim, Judge Mollway declined to exercise supplemental jurisdiction over Plaintiff's state law claims. The Court had supplemental jurisdiction to hear Plaintiff's state law claims but chose not to exercise jurisdiction. Therefore, the Court finds that the reason for dismissal in this case was not due to a lack of subject matter jurisdiction and the rule set forth in Miles, 320 F.3d 986, does not apply. Accordingly, the Court finds that Defendant Drayson is a prevailing

party in this case and entitled to recover costs under Rule 54(d).

While courts have discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920.  See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).[1]  28 U.S.C. § 1920 provides for the recovery of the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

---

[1] Defendant Drayson relies on Bouman v. Block, 940 F.2d 1211, 1237 (9th Cir. 1991) for the proposition that a federal court may also examine state law to determine what costs are recoverable in a federal diversity action.  Bouman, 940 F.2d 1211, does not hold that a district court may consider state law in evaluating what costs are taxable under Rule 54(d).  Rather, in Bouman, the court examined the Local Rules for the Central District of California in evaluating whether the plaintiffs' Bill of Costs had been timely filed. 940 F.2d at 1237.  The language in Yasui is clear: "courts may only tax the costs specified in 28 U.S.C. § 1920." 78 F. Supp. 2d at 1126.

6

> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Defendant Drayson seeks $207.33 for court reporter and transcript fees. Pursuant to 28 U.S.C. § 1920(2), a judge may tax "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Pursuant to Local Rule 54.2(f)(2), a judge may tax costs for the "stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case." L.R. 54.2(f)(2). The Court finds that Defendant Drayson has submitted sufficient documentation to support his request for $207.33 in court reporter fees. Accordingly, the Court finds that Defendant Drayson should be awarded $207.33 for court reporter fees.

Defendant Drayson seeks $4,176.28 in printing costs. Pursuant to 28 U.S.C. § 1920(3), a court may award "[f]ees and disbursements for printing and witnesses." In addition, "[s]ection 1920(4) permits taxation for the copies of papers 'necessarily obtained for use in the case' and does not require that the documents be introduced into the record." Yasui, 78 F. Supp. 2d at 1128 (citation omitted). Local Rule 54.2(f)(4) requires a party seeking copying costs to submit "an affidavit describing the documents copied, the number of pages copied, the costs per page, and the use of or intended purpose for the items copied." L.R. 54.2(f)(4). In addition, "[t]he practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided that such charges are reasonable." Id. The costs of copies obtained for the convenience of counsel are not allowable. Id.

Defendant does not indicate whether he seeks to recover "printing costs" pursuant to § 1920(3) or §

1920(4).  Based on the Declaration of Shelton G. W. Jim On ("Jim On Declaration"), it appears that the $4,176.28 consists of "in-house and outside service printing, duplication and electronic scanning and imaging."  Defendant Drayson seeks $.15 per page for in-house copies.  The Court finds that Defendant Drayson has provided sufficient documentation to support these costs in the Jim On Declaration and in Exhibits A-D attached to Defendant Drayson's Motion for Attorney's Fees filed on July 20, 2007.  The Court finds that these costs are authorized under 28 U.S.C. §§ 1920(3) and 1920(4) and will award Defendant Drayson $4,176.28 for copying and printing costs.

Defendant Drayson seeks $408.62 in other costs consisting of postage costs, delivery/messengering costs, long distance facsimile charges, and long distance telephone charges.  The Court finds that these costs are not listed in 28 U.S.C. § 1920 and are not taxable as costs. See Yasui, 78 F. Supp. 2d at 1128-30.

Accordingly, the Court FINDS and RECOMMENDS that Defendant be awarded costs as follows: (1) 207.33 for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case; and (2) $4,176.28 for fees and disbursements for printing and copies, for a total of $4,383.61. The Court hereby FINDS and RECOMMENDS that the Clerk be directed to tax costs in the amount of $4,383.61.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, August 16, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge

Civ. No. 06-000568 SOM-KSC; <u>ROBERT W. WALTER v. RICHARD C. DRAYSON, et al.</u>, REPORT OF THE SPECIAL MASTER REGARDING DEFENDANT DRAYSON'S BILL OF COSTS

11