IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT W. WALTER, ) | CIVIL NO. 06-00568 SOM-KSC |
| ) | |
| Plaintiff, ) | REPORT OF THE SPECIAL |
| ) | MASTER REGARDING DEFENDANT |
| vs. ) | ELIZABETH WALTER'S BILL OF |
| ) | COSTS |
| RICHARD C. DRAYSON, ) | |
| Individually, ELIZABETH ) | |
| WALTER, Individually, KAREN ) | |
| TEMPLE, ATTORNEY AT LAW ) | |
| LLLC, DOING BUSINESS AS ) | |
| BODDEN & TEMPLE, BODDEN & ) | |
| TEMPLE, LLLC, and KAREN M. ) | |
| TEMPLE a/k/a KAREN M. GRANT ) | |
| TEMPLE a/k/a KAREN M. ) | |
| GRANT, Individually, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

REPORT OF THE SPECIAL MASTER REGARDING DEFENDANT
ELIZABETH WALTER'S BILL OF COSTS

On August 3, 2007, Defendant Elizabeth Walter ("Defendant Walter") filed a Bill of Costs and Memorandum in Support of Bill of Costs ("Bill of Costs"). Defendant Walter requests that the Court tax costs in the amount of $715.10 against Plaintiff Robert W. Walter ("Plaintiff"). On August 6, 2007, Plaintiff filed a Consolidated Opposition to Individual

Defendants' Memorandums Seeking Awards of Taxable Costs ("Objection").

On August 10, 2007, this matter was referred to this Court by United States District Judge Susan Oki Mollway pursuant to Local Rule 53.1 of the Local Rules for the United States District Court for the District of Hawaii ("Local Rules"). Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.

Defendant Walter seeks a total of $715.10 in taxable costs pursuant to Federal Rule of Civil Procedure ("Rule") 54(d), Local Rule 54.2, and 28 U.S.C. § 1920. Specifically, Defendant Walter seeks fees for exemplification and copies of papers necessarily obtained for use in the case.

In Plaintiff's Objection, he argues that pursuant to Miles v. State of California, 320 F.3d 986 (9th Cir. 2003), Defendant Walter is not a prevailing party within the meaning of Rule 54(d) because Judge Mollway dismissed the case for lack of subject matter jurisdiction. Therefore, Plaintiff argues that

2

Defendant Walter is not entitled to recover costs. Plaintiff does not address the specific costs sought by Defendant Walter.

Under Rule 54(d), costs are allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d). In <u>Miles v. State of California</u>, 320 F.3d 986, 988 (9th Cir. 2003), the Ninth Circuit held that "costs under Rule 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction, for in that case the dismissed party is not a 'prevailing party' within the meaning of Rule 54(d)." However, the Ninth Circuit added that "[w]here the underlying claim is dismissed for want of jurisdiction, the award of costs is governed by 28 U.S.C. § 1919. Unlike Rule 54(d), § 1919 is permissive, allows the district court to award 'just costs,' and does not turn on which party is the 'prevailing party.'" <u>Id.</u> at n.2; <u>see</u> <u>also</u> 28 U.S.C. § 1919("[w]henever any action or suit is dismissed in any district court, the Court of International Trade, or

the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs").

On July 6, 2007, Judge Mollway issued an Order Granting Defendants' Motion to Dismiss ("July 6, 2007 Order"). Judge Mollway summarized the reasons for the dismissal as follows: "(1) Walter's failure to state a federal claim, and (2) the absence of some other jurisdictional basis, such as diversity jurisdiction, that requires this court to exercise jurisdiction over this action." July 6, 2007 Order at 3. Significantly, Judge Mollway also noted that "this court recognizes that, as it had federal question jurisdiction at the outset of this action, it has discretion to exercise supplemental jurisdiction over the state law claims even after dismissing the federal RICO claims and determining that there is no diversity jurisdiction. The court declines to exercise supplemental jurisdiction over the state law claims." Id. at 3-4.

Contrary to Plaintiff's assertion, and in accordance with Judge Mollway's July 6, 2007 Order, the Court finds that Plaintiff's Second Amended Complaint

4

was not dismissed based on a lack of subject matter jurisdiction.  Judge Mollway specifically noted that at the outset the Court had federal question jurisdiction to hear Plaintiff's action.  After Judge Mollway dismissed Plaintiff's federal claims pursuant to Rule 12(b)(6) based on Plaintiff's failure to state a claim, Judge Mollway declined to exercise supplemental jurisdiction over Plaintiff's state law claims.  The Court had supplemental jurisdiction to hear Plaintiff's state law claims but chose not to exercise jurisdiction.  Therefore, the Court finds that the reason for dismissal in this case was not due to a lack of subject matter jurisdiction and the rule set forth in Miles, 320 F.3d 986, does not apply.  Accordingly, the Court finds that Defendant Walter is a prevailing party in this case and entitled to recover costs under Rule 54(d).

      While courts have discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920.  See Yasui v. Maui

5

Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  28 U.S.C. § 1920 provides for the recovery of the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Defendant Walter seeks $715.10 for costs incurred for copying of papers necessarily obtained for use in this case.  Pursuant to 28 U.S.C. § 1920(4), a judge may tax "[f]ees for exemplification and copies of papers necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Local Rule 54.2(f)(4) requires a party seeking copying costs to submit "an affidavit

6

describing the documents copied, the number of pages copied, the costs per page, and the use of or intended purpose for the items copied." L.R. 54.2(f)(4).  In addition, "[t]he practice of this court is to allow taxation of copies at $.15 per page or the actual cost charged by commercial copiers, provided that such charges are reasonable." Id.  The costs of copies obtained for the convenience of counsel are not allowable. Id.

In the Declaration of Margery S. Bronster ("Bronster Declaration"), she states that all of the requested copying costs were necessarily obtained for use in this case, and not for the mere convenience of counsel. Bill of Costs at 5 (citing Bronster Declaration at ¶¶4-5).  Specifically, "the purposes for which the documents were copied include, but are not limited to, submissions of pleadings and exhibits, service on other parties of pleadings and exhibits, extra copies of pleadings and exhibits for the Court, discovery and reproduction of discovery. Id. at 5-6

(citing Bronster Declaration at ¶7).  Defendant Walter's in-house copies were charged at $.10 per page.  <u>Id.</u> at 6.  The Court finds that Defendant Walter has provided sufficient documentation to support her request for $715.10 for copying costs under 20 U.S.C. § 1920(4).

Accordingly, the Court FINDS and RECOMMENDS that Defendant Walter be awarded $ 715.10 for costs incurred for copying of papers necessarily obtained for use in this case.  The Court hereby FINDS and RECOMMENDS that the Clerk be directed to tax costs in the amount of $715.10 against Plaintiff.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, August 16, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge

Civ. No. 06-000568 SOM-KSC; <u>ROBERT W. WALTER v. RICHARD C. DRAYSON, et al.</u>, REPORT OF THE SPECIAL MASTER REGARDING DEFENDANT WALTER'S BILL OF COSTS