IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT W. WALTER, ) | CIVIL NO. 06-00568 SOM- KSC |
| ) | |
| Plaintiff, ) | REPORT OF THE SPECIAL |
| ) | MASTER REGARDING |
| vs. ) | DEFENDANT ELIZABETH |
| ) | WALTER'S MOTION FOR |
| RICHARD C. DRAYSON, Individually,) | ATTORNEYS' FEES |
| ELIZABETH WALTER, Individually, ) | |
| KAREN TEMPLE, ATTORNEY AT ) | |
| LAW LLLC, DOING BUSINESS AS ) | |
| BODDEN & TEMPLE, BODDEN & ) | |
| TEMPLE, LLLC, and KAREN M. ) | |
| TEMPLE a/k/a KAREN M. GRANT ) | |
| TEMPLE a/k/a KAREN M. GRANT, ) | |
| Individually, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

REPORT OF THE SPECIAL MASTER REGARDING DEFENDANT
<u>ELIZABETH WALTER'S MOTION FOR ATTORNEYS' FEES</u>

On July 20, 2007, Defendant Elizabeth Walter ("Defendant E. Walter") filed a Motion for Attorneys' Fees ("Motion"). Defendant E. Walter seeks attorneys' fees and non-taxable expenses based on Hawaii Revised Statute ("HRS") § 607-14 and bad faith litigation.

On August 2, 2007, Plaintiff Robert W. Walter ("Plaintiff") filed a Consolidated Opposition to Individual Defendants' Motions for Attorneys' Fees ("Opposition").  On August 13, 2007, Defendant E. Walter filed her Reply.

This matter was referred to this Court by United States District Judge Susan Oki Mollway pursuant to Local Rule 53.1 of the Local Rules for the United States District Court for the District of Hawaii ("Local Rules").  Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.

BACKGROUND

The relevant background of this case is set forth in Judge Mollway's Order Dismissing First Amended Complaint filed on February 26, 2007 (February 26, 2007 Order") and Judge Mollway's Order Granting Defendants' Motion to Dismiss filed on July 6, 2007 ("July 6, 2007 Order").  The Court incorporates those facts by reference and supplements those facts as follows.

On October 20, 2006, Plaintiff filed a Complaint alleging Racketeer Influenced and Corrupt Organization Act ("RICO") claims and numerous state law claims against Defendants.  On February 26, 2007, the Court dismissed Plaintiff's First Amended Complaint ("FAC") and gave Plaintiff leave to amend.  On March 8, 2007, Plaintiff filed a Second Amended Complaint ("SAC").  On July 6, 2007,

Judge Mollway granted Defendants' Motion to Dismiss and judgment was entered in favor of Defendants.

In summary, this case concerns the disposition of the assets in the Patricia Ward Walter Living Trust, a revocable trust that Walter's mother, Patricia Walter, created for her benefit. Plaintiff asserts that, upon his mother's death, he became irrevocably entitled to 25% of the trust's assets, with the other 75% of the trust assets to be equally divided among his three siblings. Plaintiff claims that while Patricia Walter was incapacitated by a series of strokes, his sister, Defendant E. Walter, improperly removed jewelry belonging to Patricia Walter's trust from a safe deposit box. Plaintiff also claims that, after Patricia Walter's death, Defendant E. Walter and Defendant Drayson committed various breaches of fiduciary duties, including allegedly failing to rent real property and failing to stop paying Patricia Walter's caregivers. In the SAC, Plaintiff asserted two RICO claims, under 18 U.S.C. §§ 1962(c) and (d), as well as state law claims for, among other things, breach of fiduciary duty.[1]

---

[1] Specifically, Plaintiff alleges the following Counts in his SAC: Count I: Breach of Fiduciary Duty; Count II: Conspiracy to Breach Fiduciary Duty; Count III: Aiding and Abetting Breach of Fiduciary Duty (Temple Defendants only); Count IV: Civil Theft (Individual Defendants only); Count V: Conversion of Safe Deposit Box Contents and Jewelry (Individual Defendants only); Count VI: Aiding and Abetting Civil Theft and Conversion (Temple Defendants only); Count VII:

DISCUSSION

Rule 54(d)(2)(B) provides in pertinent part that a party filing a motion for attorney's fees and non-taxable expenses "must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award." Fed. R. Civ. P. 54(d)(2)(B).

In her Motion, Defendant E. Walter argues that because she successfully defended against a claim sounding is assumpsit, she is entitled to recover her attorneys' fees pursuant to HRS § 607-14. Motion at 7-10. Additionally, Defendant E. Walter asserts that she should be awarded attorneys' fees because Plaintiff engaged in bad faith litigation and brought this case to vex, harass and annoy his sister, Defendant E. Walter. Id. at 11-15

---

Fraudulent Misrepresentations and Omissions of Material Fact; Count VIII: Aiding and Abetting Fraudulent Misrepresentation (Temple Defendants only); Count IX: Constructive Fraud; Count X: Negligent Misrepresentation; Count XI: Extreme and Outrageous Conduct Intentionally Inflicting Emotional Distress; Count XII: Civil Conspiracy to Commit Civil Theft (Extortion or Blackmail); Count XIII: Attempted Civil Theft (Extortion); Count XIV: Attempted Civil Theft (Blackmail); Count XV: Violation of "Hawaii RICO" -HRS § 842-2(3); Count XVI: Violation of Racketeer Influenced and Corrupt Organizations Act-18 USC § 1962(c); Count XVII: Conspiracy to Violate Hawaii RICO and RICO-18 USC § 1962(d); Count XVIII: Defamation by Libel (Defendant Elizabeth Walter only); Count XIX: Tortious Interference with Trust and Trust Expectancy; and Count XX: Tortious Interference with Trust by *Inter Vivos* Transfer.

In his Opposition, Plaintiff argues that HRS § 607-14 is inapplicable because the operative contracts, the Amended Trust Agreement ("ATA") and the Predecessor Trust Agreement ("PTA"), (collectively "Trust Agreements"), do not contain any provisions permitting the recovery of attorneys' fees. Opposition at 3-4. In addition, Plaintiff claims that the property and funds to which Plaintiff was entitled were not evidenced by a promissory note from the Trust or the Defendants. Id. at 4-5. Plaintiff argues that this action was not in the nature of assumpsit because the ATA and the PTA were under seal and of record and his claims are tort claims rather than contract claims. Id. at 5-9. Finally, Plaintiff denies that he has acted in bad faith at any point in this litigation. Id. at 11-14.

In her Reply, Defendant E. Walter contends that Plaintiff's interpretation of HRS § 607-14 is incorrect and that Plaintiff has been claiming from the outset that he is entitled to money damages by reason of a breach of a legal obligation arising from a contract. Reply at 4-5.

I.  HRS § 607-14

In Hawaii, a prevailing party may recover attorneys' fees for actions in the nature of assumpsit pursuant to HRS § 607-14.

HRS § 607-14 provides in pertinent part:

5

> In all the courts, in all actions in the nature of assumpsit...there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable...The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five percent of the judgment...[or] the amount sued for if the defendant obtains judgment.

HRS § 607-14 (2007).  A defendant who obtains a judgment of dismissal is deemed a prevailing party for purposes of HRS § 607-14. Blair v. Ing, 31 P.3d 184, 188 (Haw. 2001); see also Kona Enterprises., Inc. v. Estate of Bishop, 229 F.3d 877, 887 (9th Cir.2000) (stating that, "[u]nder Hawai'i law, a party may be deemed the 'prevailing party' entitled to an award of statutory attorneys' fees under [HRS] § 607-14 without successfully litigating the merits of the party's claim").

In Hawaii, it is well-settled that an action in the nature of assumpsit includes all possible contract claims. See Kona Enterprises, 229 F.3d at 884 (citations and internal quotations omitted).  More specifically, "[a]ssumpsit is a common law form of action which allows for the recovery of damages for the non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." Schulz v. Honsador, Inc., 690 P.2d 279, 281 (Haw. 1984)(citation omitted), *overruled on other grounds*.  The focus of the analysis is

on the substance of the action rather than on the formal language used in the pleadings. Id. at 282; see also Leslie v. Estate of Tavares, 994 P.2d 1047, 1052 (Haw. 2000)("[t]he character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought"). For a claim to be in the nature of assumpsit, "the plaintiff's primary objective must be to obtain monetary relief for breach of the contract." Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 151 P.3d 732, 761 (Haw. 2007).

When there is a doubt as to whether the plaintiff's claims are in the nature of assumpsit or tort, there is a presumption that the suit is in the nature of assumpsit. Leslie, 994 P.2d at 1052 (citation omitted). A plaintiff's prayer for attorneys' fees is a significant indication that the action is in the nature of assumpsit. See Healy-Tibbitts Constr. Co. v. Hawaiian Indep. Refinery, Inc., 673 F.2d 284, 286 (9th Cir. 1982).

In cases involving both assumpsit and non-assumpsit claims, "a court must base its award of fees, if practicable, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims." TSA Int'l Ltd. v. Shimizu Corp., 990 P.2d 713, 734 (Haw. 1999)(citation omitted). In conducting this analysis, the court must determine whether each individual claim alleged in the complaint

7

sounds in assumpsit or in tort and apportion fees between the assumpsit and non-assumpsit claims if practicable. Kona Enterprises, 229 F.3d at 885. However, in some cases it may be impracticable or impossible to apportion fees. See, e.g., Blair, 31 P.3d at 190 ("[b]ecause the negligence claim in this case was derived from the alleged implied contract and was inextricably linked to the implied contract claim by virtue of the malpractice suit, we hold that it is impracticable, if not impossible, to apportion the fees between the assumpsit and non-assumpsit claims"). Thus, under Blair, a court may award reasonable attorneys' fees pursuant to HRS § 607-14 to a party who succeeds on a contract claim that is "inextricably linked" to a tort claim, and decline to apportion fees. Id.

Similar to this case, TSA Int'l involved claims of fraud and breach of fiduciary duty and is instructive in determining whether this action is in the nature of assumpsit. 990 P.2d 713. In TSA Int'l, TSA Int'l Ltd. brought fraud, breach of fiduciary duty, and other claims against Shimizu Corp. relating to a loan workout of the partnership's hotel and golf course debt. Id. Regarding the defendant's claim for attorneys' fees, the Hawaii Supreme Court stated the following:

> TSA's claims against Shimizu stem primarily from allegations of fraud, breach of fiduciary duty, and numerous statutory violations. Although Shimizu argues that TSA's claims are all predicated upon the Basic Agreement and the partnership agreement, TSA's claims do not involve monetary damages based upon the non-performance of a contractual or quasi-contractual obligation ( i.e., breach of contract). The mere fact that TSA's claims relate to a contract between the parties does not render a dispute between the parties an assumpsit action. Instead, TSA's claims for fraud and breach of fiduciary duty sound in tort.

990 P.2d 713, 734 (Haw. 1999); see also Romero v. Hariri, 911 P.2d 85, 94 (App.1996)(finding that claims based upon fraud, breach of fiduciary duty, and fraudulent inducement in the execution of a real estate contract sounded in contract, not tort); but see Kona Enterprises, 229 F.3d at 886 ("[w]here a party's breach of fiduciary duty claim is based on the non-performance or breach of contractual obligations and the complaint seeks damages flowing from that non-performance or breach, the claim would sound in assumpsit"). Defendant E. Walter claims that ¶¶ 6-10 of the SAC contains allegations of indebtedness that are contract

claims.[2]  Motion at 9.  Defendant E. Walter asserts that this type of debt action sounds in assumpsit.  Id.

The Court finds that, similar to TSA Int'l, this case does not involve an attempt to collect money damages based upon a breach of contract.  990 P.2d 713.  Significantly, not one of Plaintiff's twenty (20) causes of action in the SAC

---

[2] Specifically, the SAC states in pertinent part:

6. This action seeks to hold Defendants personally liable in damages to Walter personally for, *inter alia*, Defendants' (1) willful and negligent acts and omissions, and (2) breaches of trust with underlying conduct, based on fraud, civil theft, tortious interference, conspiracy, defamation, aiding/abetting, and attempted extortion.
7. It would be futile for Walter to seek to have the Trust sue the Defendants, as the Individual Defendants, acting for the Trust, would have to sue themselves.  At all times relevant hereto, the Individual Defendants have exercised, and currently exercise, control over the Trust as they comprise two of the three Trustees of the Trust.
8. The breaches of trust are not for a Trust asset or property right and flowed from the fiduciary relationship between the Individual Defendants and Walter, as well as legal and ethical duties the Temple Defendants owed Walter as a Beneficiary.
9. As detailed below, Walter had an immediate and unconditional right in or before April 2006 to receive 25% of personal property, or equivalent cash, diverted or stolen from the Trust, which otherwise would have been received by him in or before April 2006.
10. In July 2006, the Trustees Distributed all Trust cash that was in excess of the amount deemed necessary for a holdback to address any tax issues or claims.  Walter had an immediate and unconditional right to 25% of the cash which would have been distributed in the July 2006 Distribution but for the Individual Defendants having diverted Trust assets to associate of Defendant Ewalter and having failed to collect rents for use of the Condo prior to June 30, 2006, as detailed below.

states a claim for breach of contract. Rather, the majority of Plaintiff's claims are tort claims such as breach of fiduciary duty, theft, fraud, and negligent misrepresentation, to name a few. See SAC and note 1, *supra*. While some of Plaintiff's tort claims may arise from the Trust Agreements, this does not deem Plaintiff's action in the nature of assumpsit for purposes of HRS § 607-14. See TSA Int'l, 990 P.2d at 734 ( "[t]he mere fact that TSA's claims relate to a contract between the parties does not render a dispute between the parties an assumpsit action. Instead, TSA's claims for fraud and breach of fiduciary duty sound in tort"). In analyzing the facts and issues raised in the SAC, the nature of the entire grievance, and the relief sought, the Court finds that, at its core, this action involves allegations of tortious conduct by trustees surrounding the disposition of assets in

the Patricia Ward Living Trust.[3]  Accordingly, the Court finds that Defendant E. Walter is not entitled to recover attorneys' fees pursuant to HRS § 607-14.

### II. Bad Faith

Defendant E. Walter also argues that the Court should award Defendant E. Walter attorneys' fees in their entirety because Plaintiff engaged in bad faith litigation.  Motion at 11-15.  Defendant E. Walter claims that Plaintiff brought this case to vex, harass, and annoy his sister Defendant E. Walter because she has successfully obtained a large judgment against Plaintiff.  Motion at 12.  Defendant E. Walter also maintains that Plaintiff's claims in this case are baseless.  Id.  For example, Defendant E. Walter asserts that Plaintiff was informed about (1) the caregiver who had been allowed to stay in the condominium and the reasons for that

---

[3] The Court recognizes that the Trust Agreements are contracts between Patricia Walter, the Settlor, and Defendants Drayson and E. Walter, the Trustees, for the benefit of Plaintiff, a third-party beneficiary. See In Bodger's Estate, 279 P.2d 61, 67 (Cal.App. 1955)("[a] declaration of trust constitutes a contract between the trustor and the trustee for the benefit of a third party...[t]he mutual consent of the parties to the express declaration of trust constitutes a contract between them, each having rights and obligations which may be enforced by the other and by the beneficiary designated in the contract").  However, the Court finds that Plaintiff's claims in this case sound in tort, rather than in contract because Plaintiff's claims focus more on Defendants' alleged tortious conduct than on the non-performance or breach of contractual obligations under the Trust Agreements.  Significantly, Defendants fail to identify what contractual obligations Defendants had under the Trust Agreements and whether Plaintiff specifically alleged that they breached any of these contractual obligations.

decision by the trustees; (2) the reasons for the trustees' decision not to rent out the condominium; and (3) the distribution of the jewelry and how and when it occurred and Defendant E. Walter's lack of involvement concerning the distribution of the jewelry. Id. at 12-13. Finally, Defendant E. Walter asserts that Plaintiff made numerous bad faith filings in this case. Id. at 14-15.

Plaintiff admits that he has made procedural errors in his filings in this Court, but claims that this does not constitute bad faith. Opposition at 12. Plaintiff asserts that he is not seeking revenge on anyone and he filed this action against all Defendants to hold them accountable for their alleged wrongful behavior. Id. at 13.

A court has the inherent power to assess attorneys' fees against counsel for abuse of judicial process or other bad faith conduct of litigation. Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-66 (1980); see also Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir.1997) (a district court may award sanctions in the form of attorneys' fees against a party or counsel who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons"). " '[B]ad faith' may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." Hall v. Cole, 412 U.S. 1, 15 (1973). A party may demonstrate bad faith "by delaying or disrupting the litigation or hampering enforcement of a court order." Primus Auto, 115 F.3d at 649. In addition, a court may assess attorneys'

fees when the litigation is perceived to have been brought in bad faith to harass or vex a party. Sheetmental Workers Int'l. Ass'n. Local Union No. 359 v. Madison Indus., Inc. of Arizona, 84 F.3d 1186 (9th Cir. 1996).

A court must specifically make a finding of bad faith or conduct tantamount to bad faith in order to assess attorneys' fees. Fink v. Gomez, 239 F.3d 989, 994 (9th Cir.2001). Conduct is "tantamount to bad faith" if there is "recklessness ... combined with an additional factor such as frivolousness, harassment, or an improper purpose." Fink, 239 F.3d at 994.

Here, the Court cannot say that Plaintiff has engaged in bad faith litigation. First, this Court has never made a finding of bad faith in this case. Additionally, because this Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims, the merits of Plaintiff's state law claims have not yet been determined. Finally, there is insufficient evidence in the record before the Court to prove Defendants' assertions that Plaintiff has engaged in bad faith litigation. While some of Plaintiff's aggressive litigation tactics may have been questionable, burdensome, and annoying, the Court does not have a sufficient record before it to support a finding of bad faith or conduct tantamount to bad faith by a preponderance of the evidence.

## CONCLUSION

For all of the aforementioned reasons, the Court FINDS and RECOMMENDS that Defendant E. Walter's Motion be DENIED.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, August 21, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge

Civ. No. 06-000568 SOM-KSC; <u>ROBERT W. WALTER v. RICHARD C. DRAYSON, et al.</u>, REPORT OF THE SPECIAL MASTER REGARDING DEFENDANT ELIZABETH WALTER'S MOTION FOR ATTORNEYS' FEES